UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DALE T., ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:20-CV-136-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|         Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Dale T. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's application for benefits, he alleged that he became disabled on March 3, 2015. After a June 21, 2018 hearing and November 13, 2018 supplemental hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of thoracic and cervical spine disorders, lumbar degenerative disc disease with facet arthritis, upper extremity tremor, unspecified depressive disorder, and unspecified anxiety disorder. (AR 14). The ALJ determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except he can lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently; he can sit one hour at a time for a total of six hours, and stand/walk for one hour at a time for up to six hours, each per [*sic*] eight-hour workday; he can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; he can frequently balance; he can occasionally perform overhead reaching; he can frequently handle, finger, and feel; he can frequently operate foot

> controls; he can tolerate moderate (Level 3) noise level; he is limited to simple, routine and repetitive tasks that involve no complex written or verbal communications; and he can have occasional interaction with co-workers and supervisors, but cannot interact with the general public.

(AR 17). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform his past relevant work. However, the ALJ found that Plaintiff was able to perform the representative occupations of light office helper, mail clerk, and routine clerk. Accordingly, the ALJ found Plaintiff to be not disabled from March 3, 2015, through November 29, 2018, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review. As part of its denial, the Appeals Council found that additional evidence submitted to it "does not show a reasonable probability that it would change the outcome of the decision," so the evidence was not added to the record. (AR 2).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the

2

> Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [he] can perform [his] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the Appeals Council erred in rejecting his newly submitted evidence and that the ALJ erred in evaluating Plaintiff's statements of his subjective symptoms.

### A. New and Material Evidence

Plaintiff argues that the Appeals Council erred in finding that newly submitted evidence did not "show a reasonable probability that it would change the outcome of the decision." (AR 2). The Court can only review the Appeals Council's decision if the Council determines the newly submitted evidence was not new and material and time-relevant, and therefore "non-qualifying under the regulation." *Stepp v. Colvin*, 795 F.3d 711, 722 (7th Cir. 2015); (citing *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012)). If the Council finds that the evidence is non-qualifying, the Court has the ability to review the additional evidence for legal error regarding whether it is truly non-qualifying. *Id.* Other judges in this district have determined that the "reasonable probability" language used by the Appeals Council indicates that the Council has found the evidence non-qualifying (and the decision is therefore reviewable), and the undersigned agrees. *See Tina C. v. Saul*, No. 3:20-CV-308-DRL-APR, 2021 WL 1851655, at *4 (N.D. Ind. May 10, 2021) (Report and Recommendation); *Hagerman v. Saul*, No. 1:18-CV-390-HAB, 2020 WL 1150178, at *2 (N.D. Ind. Mar. 9, 2020). *But see Lefebvre v. Saul*, No. 1:18-CV-274-PPS, 2019 WL 4565500, at *3 (N.D. Ind. Sept. 20, 2019) (stating, in dicta, that the "reasonable probability" language indicated that the evidence was "reviewed for its substance").

3

The additional evidence in question is medical records from the Veterans Affairs Clinics in Peru, Indiana, and Fort Wayne, Indiana. The records are dated between November 17, 2016, and November 7, 2018. The Commissioner argues that the evidence is either duplicative, consistent with the RFC as determined by the ALJ, or inconsistent with expert testimony.

The additional evidence reflects that Plaintiff was evaluated for a cane on April 17, 2017. (AR 173). Plaintiff was educated on proper cane use, and one was issued to him. *Id.* A July 19, 2018[1] Back Conditions Disability Benefits Questionnaire completed by Dr. Christopher Ogbogu also indicates that Plaintiff regularly uses a cane due to his back condition. (AR 76). The questionnaire also reported limited range of motion, abnormal gait, reduced strength, and a positive straight leg raising test. (AR 70-80). Relatedly, a handicap placard application was completed, (AR 68), and Plaintiff reported that he only used the placard during times when his lower back pain was exacerbated, (AR 119).

The Commissioner contends that the ALJ considered medical expert testimony based on review of the record that Plaintiff did not medically require a cane, and therefore the ALJ's decision would not change if this evidence were before the ALJ. That is, the argument is that this evidence is not material; there is no argument that the evidence is not new or time-relevant.

This argument is logically incoherent. It is unsurprising that the medical expert who did not have access to the evidence indicating the need for a cane did not find that Plaintiff needed a cane upon his review of the record. The existence of medical evidence that a cane is necessary calls into doubt the amount of evidentiary weight that should be given to the non-examining medical expert. Instead, though, the Commissioner would have the opinion based on incomplete information override affirmative evidence that Plaintiff needed a cane. It was legal error for the

---

[1] The questionnaire is listed with a "Date of Note" of July 19, 2018, and an "Entry Date" of September 5, 2018. *See* (AR 70).

Appeals Council to determine that the evidence was immaterial and to consequently find the evidence non-qualifying. Remand is required.

### B. Subjective Symptom Analysis

Plaintiff asserts that the ALJ erred in weighing his subjective symptoms. An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing a claimant's subjective symptoms, the ALJ must consider all the evidence in the record, including the claimant's daily activities. 20 C.F.R. § 404.1529(c)(3). As long as the ALJ's subjective symptom determinations have some support in the record and are not patently wrong, they are upheld. *See Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995). However, the Seventh Circuit has repeatedly stated that an ability to complete certain activities of daily living does not on its own translate to an ability to work a full-time job. *See Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014); *Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). An individual's "ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time." *Roddy*, 705 F.3d at 639; *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

Plaintiff asserts that the ALJ's evaluation of his subjective symptoms does not pass muster. Specifically, he argues that the ALJ concluded that Plaintiff could perform many activities of daily living and work-related activities without acknowledging how these activities are adjusted to accommodate Plaintiff's impairments, such as going to stores during the night to avoid being around people, (AR 550), and needing reminders to take medicine and bathe, (AR 721). The ALJ did acknowledge that Plaintiff has decreased the frequency of attending to his personal care and has reported diminished activities. (AR 18).

5

It appears that the ALJ did credit some of Plaintiff's subjective symptoms. For example, Plaintiff's RFC limits him to only occasional interaction with co-workers and supervisors and no interaction with the general public, presumably to accommodate the same impairment that leads Plaintiff to shop at night to avoid being around people, and the RFC also limits Plaintiff to simple, routine, and repetitive tasks, presumably to accommodate his difficulty remembering and concentrating. The point is moot because remand is required due to the Appeals Council's error noted above, but the Court would be inclined to find that Plaintiff has not met his burden to show that the subjective symptom analysis is patently wrong.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief, **REVERSES** the final decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on May 27, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT